Eastern District of Kentucky<br>**FILED**<br><br>MAR 27 2025<br><br>AT LONDON<br>Robert R. Carr<br>CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

V.  INDICTMENT NO. 6:25-CR-024-CHB

**CHRISTOPHER JONES**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about March 18, 2025, in Whitley County, in the Eastern District of Kentucky,

**CHRISTOPHER JONES**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about March 20, 2025, in Whitley County, in the Eastern District of Kentucky,

**CHRISTOPHER JONES**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about March 21, 2025, in Whitley County, in the Eastern District of Kentucky,

**CHRISTOPHER JONES**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **CHRISTOPHER JONES** committed the offense charged in this count, **CHRISTOPHER JONES** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 4
## 18 U.S.C. § 924(c)(1)(A)

On or about March 21, 2025, in Whitley County, in the Eastern District of Kentucky,

**CHRISTOPHER JONES**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 3, that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 5
## 18 U.S.C. § 922(g)(1)

On or about March 21, 2025, in Whitley County, in the Eastern District of Kentucky,

**CHRISTOPHER JONES,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit: (1) a Hawk Industries, Model H&R Pardner Pump, 12-gauge shotgun with serial number NZ739233, and (2) a Ruger, LC9, 9mm pistol with serial number 325-13557, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1.  By virtue of the commission of the felony offenses alleged in Counts 1, 2, and 3 of the Indictment, **CHRISTOPHER JONES** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **CHRISTOPHER JONES** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.  By virtue of the commission of the offenses alleged in Counts 4 and 5 of the Indictment, **CHRISTOPHER JONES** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and 924. Any and all interest that **CHRISTOPHER JONES** has in

this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following which were seized from Christopher Jones on or about March 21, 2025:

**CURRENCY:**

a. $2,107

**FIREARMS:**

a. Hawk Industries, Model H&R Pardner Pump, 12-gauge shotgun with serial number NZ739233;
b. Ruger, LC9, 9mm pistol with serial number 325-13557; and
c. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[signature]

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

# PENALTIES

## COUNTS 1-2:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

## COUNT 3:

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

## COUNT 4:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

## COUNT 5:

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.